**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE No.: 1:14-CV-23310-KMM**

**ADAM TOURIGNY, and other**
**Similarly situated individuals,**

**Plaintiffs,**

**v.**

**AAR AIRCRAFT SERVICES, INC. d/b/a**
**AAR AIRCRAFT SERVICES-MIAMI, and**
**QUANTA STAFFING SOLUTIONS, INC.**

**Defendants.**
______________________________________/

# PLAINTIFFS' FIRST AMENDED COMPLAINT

(OPT-IN PURSUANT TO 29 § 216(B))

Plaintiff, ADAM TOURIGNY ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendants, AAR AIRCRAFT SERVICES, INC. a Profit Corporation d/b/a AAR AIRCRAFT SERVICES-MIAMI, and QUANTA STAFFING SOLUTIONS, INC., a Profit Corporation ("Defendant(s)"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, AAR AIRCRAFT SERVICES, INC. d/b/a AAR AIRCRAFT SERVICES-MIAMI, is a Profit Corporation having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, QUANTA STAFFING SOLUTIONS, INC. is a Profit Corporation having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## <u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>

9. Plaintiff worked for Defendants from on or about December 7th, 2012 through on or about February 3rd, 2014.

10. Plaintiff worked in excess of forty (40) per week without being properly compensated for all hours worked.

11. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. Specifically, Plaintiff worked approximately twenty (20) overtime hours per week for which he was not paid at one and one half times his regular rate as provided for under the FLSA.

13. Plaintiff is eligible to recover unpaid wages December 7th, 2012 through on or about February 3rd, 2014

**COUNT I**

***Breach of Agreement Against AAR AIRCRAFT SERVICES, INC. a Profit Corporation d/b/a AAR AIRCRAFT SERVICES-MIAMI***

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

15. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

16. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

**COUNT II**

***Quantum Meruit Against AAR AIRCRAFT SERVICES, INC. a Profit Corporation d/b/a AAR AIRCRAFT SERVICES-MIAMI***

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

18. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

19. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

20. Defendants accepted Plaintiff's services to Defendants.

21. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

22. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

**COUNT III**

***Unjust Enrichment Against AAR AIRCRAFT SERVICES, INC. a Profit Corporation d/b/a AAR AIRCRAFT SERVICES-MIAMI***

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

24. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

25. Defendants have knowledge of the services performed and provided by Plaintiff.

26. Defendants voluntarily accepted the services performed and provided by Plaintiff.

27. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

28. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV

***Wage & Hour Federal Statutory Violation Against AAR AIRCRAFT SERVICES, INC. a Profit Corporation d/b/a AAR AIRCRAFT SERVICES-MIAMI***

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

30. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

32. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

36. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

37. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**

***Breach of Agreement Against* QUANTA STAFFING SOLUTIONS**

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

40. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

41. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

**COUNT VI**

***Quantum Meruit Against QUANTA STAFFING SOLUTIONS, INC.***

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

43. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

44. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

45. Defendants accepted Plaintiff's services to Defendants.

46. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

47. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

**COUNT VII**

***Unjust Enrichment Against QUANTA STAFFING SOLUTIONS, INC.***

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

49. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

50. Defendants have knowledge of the services performed and provided by Plaintiff.

51. Defendants voluntarily accepted the services performed and provided by Plaintiff.

52. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

53. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

**COUNT VIII**

***Wage & Hour Federal Statutory Violation Against QUANTA STAFFING SOLUTIONS, INC.***

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

55. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

56. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

57. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources,

accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

58. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

59. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

60. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

61. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

62. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

63. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated September 26, 2014

Respectfully submitted by,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Tyler A. Stull, Esq.
Florida Bar No. 108116
REMER & GEORGES-PIERRE, PLLC
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Andrew T. Oppenheimer**
Vedder Price
222 North LaSalle Street
Chicago, IL 60601
312-609-7797
Email: aoppenheimer@vedderprice.com

**J. Kevin Hennessy**
Vedder Price
222 North LaSalle Street
Chicago, IL 60601
312-609-7797
Email: khennessy@vedderprice.com

**Patrick W. Spangler**Vedder Price
222 North LaSalle Street
Chicago, IL 60601
312-609-7797
Email: pspangler@vedderprice.com

**Sheila M. Cesarano**
Shutts & Bowen LLP
201 S. Biscayne Blvd. Suite 1500
Miami, FL 33131
305-379-9103
Email: scesarano@shutts.com

**Lauren Fernandez**Shutts & Bowen LLP
201 S. Biscayne Blvd. Suite 1500
Miami, FL 33131
305-379-9103
Email: lfernandez@shutts.com

by: ______________________
Tyler A. Stull, Esq.
Florida Bar No. 108116